FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 10 2000

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION
**August 7, 2000**

Clerk, U S District Court
Post Office Bx 8307
Pine Bluff, AR 71611-8307

5:00CV00299GH

This case assigned to District Judge Howard
and to Magistrate Judge Young

RE: 1:00cv205
    Jessie Robinson vs. Healthmark Partners LLC et al

Dear Sir:

Pursuant to order transferring the above entitled action to your District, we are transmitting herewith our entire original file (except original order of transfer).

Enclosed is a certified copy of the order of transfer and a certified copy of the docket sheet.

Will you please acknowledge receipt of the above documents on the copy of this letter and return.

                      Yours very truly,

                      DAVID J MALAND, CLERK

                      By Brenda Carter
                      Deputy Clerk

Enclosures
cc: attorneys of record


Received items described above on this date_____
and assigned Case No._____.

                      CLERK, U S DISTRICT COURT

                      By_____
                      Deputy Clerk

```
                                                           CLOSED JURY
                                                           TRACK4
                    U.S. District Court
                    Texas, Eastern (Beaumont)

            CIVIL DOCKET FOR CASE #: 00-CV-205

Robinson v. Healthmark Partners, et al          Filed: 03/23/00
Assigned to: Judge Thad Heartfield              Jury demand: Both
Demand: $0,000                                  Nature of Suit:  360
Lead Docket: None                               Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity-Personal Injury


JESSIE ROBINSON, Individually        Gilbert Timbrell Adams, III
and on Behalf of Brady               14098326162
Robinson, Deceased                   [COR NTC]
     plaintiff                       Attorney at Law
                                     P O Drawer 3688
                                     Beaumont, Tx 77704
                                     409/835-3000



     v.


HEALTHMARK PARTNERS LLC              Victor F Hlavinka
dba                                  19037925801
Arkansas Convalescent Center         [COR LD NTC]
     defendant                       Atchley Russell Waldrop &
                                     Hlavinka
                                     PO Box 5517
                                     1710 Moores Lane
                                     Texarkana, TX 75505-5517
                                     903/792-8246



ARKANSAS CONVALESCENT CENTER
     defendant
     [term  06/20/00]


M N OSBORNE MANAGEMENT LLC           Victor F Hlavinka
     defendant                       (See above)
                                     [COR LD NTC]


M N OSBORNE LANDS, LIMITED           Victor F Hlavinka
PARTNERSHIP                          (See above)
     defendant                       [COR LD NTC]


Docket as of August 7, 2000 2:09 pm               Page 1      NON-PUBLIC
```

[Certified copy stamp: J. MALAND, CLERK, DISTRICT COURT, EASTERN DISTRICT, TEXAS, By Brenda Carter]

```
INTERNAL USE ONLY: Proceedings include all events.
1:00cv205 Robinson v. Healthmark Partners, et al                CLOSED
                                                                JURY    TRAC
=========================


ARKANSAS CONVALESCENT CENTER
     defendant
```

```
INTERNAL USE ONLY: Proceedings include all events.
1:00cv205 Robinson v. Healthmark Partners, et al            CLOSED
                                                         JURY    TRAC
```

| Date | # | Entry |
|---|---|---|
| 3/23/00 | 1 | Original Complaint filed. Cause: 28:1332 Diversity-Personal Injury (mp) [Entry date 03/24/00] |
| 3/23/00 | -- | Filing Fee Paid; FILING FEE $ 150  RECEIPT # 102410 (mp) [Entry date 03/24/00] |
| 3/24/00 | -- | Magistrate consent forms mailed to atty for Jessie Robinson (mp) |
| 3/24/00 | 2 | In compliance with section b of Local Rule CV-26 and after a review of the pleadings, this action has been assigned to track 3 for case management purposes. (mp) |
| 3/24/00 | -- | Summons(es) issued for Healthmark Partners, Arkansas Conv Center, M N Osborne Mgt LLC, M N Osborne Lands & handed to pla's atty for service. (mp) |
| 4/17/00 | 3 | MOTION by Arkansas Conv Center to dismiss (bc) [Entry date 04/20/00] |
| 4/17/00 | 4 | Memorandum by Arkansas Conv Center in support of [3-1] mo to dism (bc) [Entry date 04/20/00] |
| 4/17/00 | 5 | Demand for jury trial by Healthmark Partners (bc) [Entry date 04/20/00] |
| 4/17/00 | 6 | Answer to pla's complaint by M N Osborne Mgt LLC, M N Osborne Lands (Mailed track assignment and consent form to Victor Hlavinka) (bc) [Entry date 04/20/00] |
| 4/17/00 | 7 | Answer to pla's complaint by Healthmark Partners (Mailed track assignment and consent form to Victor Hlavinka) (bc) [Entry date 04/20/00] |
| 5/17/00 | 8 | Notice of initial disclosure by Healthmark Partners (bc) [Entry date 05/18/00] |
| 5/25/00 | -- | MANAGEMENT CONFERENCE  set at 9:00 6/16/00   before Judge Thad Heartfield. cc: TH, attys (jv) |
| 6/14/00 | 9 | MOTION by Healthmark Partners, M N Osborne Mgt LLC, M N Osborne Lands to transfer case and brief in support (bc) [Entry date 06/15/00] |
| 6/14/00 | 10 | ORDER resetting management conference for 9:00 7/7/00 before Judge Thad Heartfield (signed by Judge Thad Heartfield 6/13/00) cc: attys 6/15/00 (bc) [Entry date 06/15/00] |
| 6/20/00 | 11 | MOTION by Jessie Robinson for leave to file 1st amended complaint (bc) |

```
INTERNAL USE ONLY: Proceedings include all events.
1:00cv205 Robinson v. Healthmark Partners, et al                CLOSED
                                                          JURY     TRAC
```

| Date | # | Entry |
|---|---|---|
| 6/20/00 | 12 | ORDER granting [3-1] mo to dism and dismisses "Arkansas Convalsescent Center" from this suit (signed by Judge Thad Heartfield) cc: attys 6/22/00 (bc) [Entry date 06/22/00] |
| 6/20/00 | -- | Terminated party Arkansas Conv Center (bc) [Entry date 06/22/00] |
| 6/26/00 | 13 | MOTION by Jessie Robinson to allow additional time for discovery prior to responding to dft's mo to transfer venue and brief in support (bc) [Entry date 06/27/00] |
| 6/28/00 | -- | MANAGEMENT CONFERENCE set at 9:00 7/7/00  before Judge Thad Heartfield. cc: TH, attys (jv) |
| 6/30/00 | 14 | ORDER granting [11-1] mo for leave to file 1st amended complaint (signed by Judge Thad Heartfield) cc: attys 7/3/00 (bc) [Entry date 07/03/00] |
| 6/30/00 | 15 | ORDER granting [13-1] mo to allow additional time for discovery prior to responding to dft's mo to transfer venue, response to mo reset to 7/7/00 for [9-1] mo to transfer case (signed by Judge Thad Heartfield) cc: attys 7/3/00 (bc) [Entry date 07/03/00] [Edit date 07/03/00] |
| 6/30/00 | 16 | 1st Amended complaint by Jessie Robinson, amending [1-1] complaint Arkansas Conv Center. (added Arkansas Convalescent Center Inc) (bc) [Entry date 07/03/00] |
| 7/3/00 | -- | Summons(es) issued and mailed to pla's atty for service for Arkansas Conv Center (bc) [Edit date 07/03/00] |
| 7/7/00 | 17 | MOTION by Jessie Robinson for leave to file 2nd amended complaint (bc) |
| 7/7/00 | 18 | Response by Jessie Robinson to dft's [9-1] mo to transfer venue and brief in opposition (bc) |
| 7/7/00 | -- | MANAGEMENT CONFERENCE held before Judge Thad Heartfield. Pretrial Disclosure complete.  Depositions have not been held at this time.  Mr. Hlavinka is to notify ct by 9/7/00 with name of an agreed mediator or ct will appoint.  Jury trial set 1/22/01, approx. 4-5 days.  Ct modifies track assignment to Track 4.  Parties are to file motion for additional depositions, if needed.  Court will schedule a hearing on motion to transfer venue. (jv) |
| 7/7/00 | -- | Minute entry:, to reassign this action to  track 4 for case management purposes. (jv) |
| 7/7/00 | 19 | Minutes Re: [0-0] Management conference  by Judge Thad Heartfield   on 7/7/00 (Ct rep/ECRO: None) (jv) |

INTERNAL USE ONLY: Proceedings include all events.
1:00cv205 Robinson v. Healthmark Partners, et al                CLOSED
                                                                JURY    TRAC

| Date | # | Entry |
|---|---|---|
| 7/7/00 | 20 | ORDER granting [17-1] mo for leave to file 2nd amended complaint (signed by Judge Thad Heartfield) cc: attys 7/10/00 (bc) [Entry date 07/10/00] |
| 7/7/00 | 21 | 2nd Amended complaint by Jessie Robinson, amending [1-1] complaint (bc) [Entry date 07/10/00] |
| 7/10/00 | 22 | Docket Control Order setting final pretrial conference and jury trial scheduling at 9:00 1/22/01. The designated atty, Victor Hlavinka, shall provide the ct w/ the name and address of an agreed mediator by 9/7/00 (signed by Judge Thad Heartfield) cc: attys 7/11/00 (bc) [Entry date 07/11/00] |
| 7/11/00 | 23 | Supplemental response to dft's [9-1] mo to transfer venue by plaintiff Jessie Robinson (bc) |
| 7/17/00 | 24 | Answer to plas' 2nd amended complaint by Healthmark Partners (bc) |
| 7/20/00 | 25 | ORDER granting [9-1] mo to transfer case and TRANSFERS this cause of action to the United States District Ct for the ED/Arkansas, Pine Bluff Division (signed by Judge Thad Heartfield 7/19/00) cc: attys 7/21/00 (bc) [Entry date 07/21/00] |
| 8/7/00 | -- | Interdistrict transfer to the Eastern District of Arkansas, Pine Bluff Division: mailed original record, certified copy of transfer order and certified copy of docket sheet (bc) |

EOD 7-21-00



FILED-CLERK
U.S. DISTRICT COURT

00 JUL 20 AM 10: 38

TX EASTERN-BEAUMONT

BY Brenda Carter

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| JESSIE ROBINSON,<br>    Individually and On Behalf of<br>    The Estate of<br>    BRADY ROBINSON, Deceased,<br>    Plaintiff,<br><br>v.<br><br>HEALTHMARK PARTNERS, L.L.C.,<br>    d/b/a ARKANSAS<br>    CONVALESCENT CENTER,<br>M. N. OSBORNE<br>    MANAGEMENT, L.L.C., and<br>M. N. OSBORNE LANDS, L.P.<br>    Defendants. | §§§§§§§§§§§§§§§§§§<br><br>1:00cv0205 (TH)<br>JURY |

**ORDER OF TRANSFER TO THE EASTERN DISTRICT OF ARKANSAS**

Before this Court is the *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9]. Having considered the motion, the response, the supplemental response, and the arguments of counsel, this Court GRANTS the *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9] and TRANSFERS the above-entitled cause of action to the United States

1



District Court for the Eastern District of Arkansas, Pine Bluff Division.

## 1. Facts and Procedural History

Mrs. Brady Robinson was born on April 19, 1922. Between May 31, 1999 and November 3, 1999 Mrs. Brady Robinson resided at the Arkansas Convalescent Center. The Arkansas Convalescent Center sits in Pine Bluff, Jefferson County, Arkansas. During that time Mrs. Robinson was hospitalized and treated at the Jefferson Regional Medical Center. The Jefferson Regional Medical Center also sits in Pine Bluff, Jefferson County, Arkansas. Mrs. Brady Robinson died on December 7, 1999.

On March 23, 2000 Plaintiff Jessie Robinson ("Robinson")–Mrs. Brady Robinson's son–filed this lawsuit against HealthMark Partners, L.L.C., M.N. Osborne Management, L.L.C., and M.N. Osborne Lands (the "Defendants") for alleged nursing home malpractice and violation of federal regulations regarding the administration and management of the Arkansas Convalescent Center. Specifically, Robinson alleges the Defendants–*in toto*–violated certain provisions of the Nursing Home Reform Amendments to the Omnibus Budget Reconciliation Act of 1987, as codified in Title 42 U.S.C. § 1395i-3 and Title 42 U.S.C. § 1396r, and that these violations beget a violation of Title 42 U.S.C. § 1983. *See Plaintiffs' First Amended Complaint* [16], at p. 4, 9. Finally, Robinson alleges the Defendants were both negligent and malicious in their care for his deceased mother, thereby entitling him to further damages and punitive damages, too. *Id.*

On June 14, 2000 the Defendants' filed the *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9] wherein they ask this Court to transfer this case under Title 28 U.S.C. § 1404(a) to the Eastern District of Arkansas, Pine Bluff Division. On June 26, 2000

2

Robinson filed the *Plaintiffs' Motion to Allow Additional Time for Discovery Prior to Responding to Defendant's Motion to Transfer Venue, and Brief in Support Thereof* [13]. On June 30, 2000 this Court granted that motion and extended Robinson's deadline to respond to the transfer motion to July 7, 2000. *See Order Granting Plaintiffs' Motion to Allow Additional Time for Discovery Prior Responding to Defendants' Motion to Transfer Venue* [15]. On July 7, 2000 Robinson filed the *Plaintiff's Response to Defendant's Motion to Transfer Venue and Brief in Opposition* [18]. Additionally, on July 11, 2000 Robinson filed *Plaintiffs' Supplemental Response to Defendant's Motion to Transfer Venue* [23]. Having considered the motion, the response, the supplemental response, and the arguments of counsel, this Court finds the Defendants have carried their burden to support transfer to the district where the Arkansas Convalescent Center sits–specifically, the Eastern District of Arkansas, Pine Bluff Division.

### 2. Law

Although both litigants cited this Court's opinion in Mohamed v. Mazda, 90 F.Supp.2d 757 (E.D.Tex.2000), for efficiency, this Court ATTACHES Mohamed v. Mazda and INCORPORATES that opinion *in its entirety* into this memorandum and opinion order. So, this Court can immediately turn to the analysis of this present case without re-hashing the history of and standard for Title 28 U.S.C. § 1404(a).

### 3. Analysis

*Plaintiff's Choice of Forum Never Disappears, Nor Does It "Lessen" or Receive "Minimal Consideration"*

As this Court held in Mohamed v. Mazda, deference to the plaintiff's choice of forum never "disappears." Yet the Defendants cite Reed v. Final Oil and Chemical Co., 995 F.Supp.

3

705 (E.D.Tex.1998) for the proposition that "such deference is lessened and given minimal consideration when the lawsuit has no connection to the venue chosen." *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9], at p.5. In Mohamed v. Mazda, this Court examined the authority upon which Reed based its "disappearing deference" standard and found it to be "vaporlaw" never sanctioned by a single, appellate court. 90 F.Supp.2d at 774. Rather, this Court held: "The time has come to lay this ungrounded, 'disappearing deference' proposition to rest; and this Court does so today. In this Court, deference to the plaintiff's choice of forum never 'disappears' under any circumstances." Id. No, this deference to a plaintiff's choice of forum is not "lessened" or given "minimal consideration" in this Court. As this Court said in Mohamed, "[l]et there be no question that in this Court the plaintiff's choice of forum remains highly esteemed–as it was over fifty years ago when the United States Supreme Court decided Gulf Oil." Id. at 773. Consequently, Robinson's choice of forum in this district weighs against transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Convenience of the Parties and Material Witnesses*

As this Court said in Mohamed, typically the most important of all the factors is whether substantial inconvenience will be visited upon key fact witnesses should this Court deny transfer. Moreover, this Court's paramount concern is whether substantial inconvenience will be visited upon key, *non-party* fact witnesses should it deny transfer. In this case, the Defendants have successfully identified several key, non-party witnesses who reside in the Pine Bluff, Arkansas area. Specifically, the Defendants identify Drs. Harvey, Robinette, Frigon, Bitzer, and Roberson who have knowledge of Mrs. Robinson's physical condition and deterioration during the relevant time period from May through November of 1999. The Defendants specifically outline the

substance of their testimony–Mrs. Robinson's medical care and treatment, both at Jefferson Regional Medical Center and at Arkansas Convalescent Center, including the condition of Mrs. Robinson's legs, her circulation, the amputation of her legs, and the treatment of her decubitus sores–all which form the bases for Robinson's lawsuit.

The Defendants also successfully identify and outline the substance of the testimony of the following nurses: Pat Brown, Director of Nursing at the relevant time period; Kathy Whiteside, the weekend charge nurse who was responsible for wound treatment on the weekends; Linda Pennington, Cynthia Brown, Jessie Smith, Kimberly Williams, Mary Lampkin, Lisa Talbot, Valerie Sanders, Elizabeth Smith, and Garla Lawson, nurses who worked on the hall where Mrs. Robinson lived during her stays at the Arkansas Convalescent Center.[1] The Defendants have specifically identified sixteen (16) non-party[2] witnesses and outlined the substance of their testimony. These sixteen (16), non-party witnesses will be substantially inconvenienced were this Court to deny transfer.

Additionally, none of the parties reside or are headquartered in the Beaumont Division of the Eastern District of Texas. The Plaintiff, Mr. Robinson, lives in Dallas, Texas which lies in

---

[1] While the Defendants suggest this Court should consider other, unspecified nurses to support transfer, they do not specifically identify them or outline the substance of their testimony in compliance with Mohamed and controlling authority. Although this Court realizes the Defendants simply do not have the medical records to gather this information, there is absolutely no time bar to filing a motion for transfer under Title 28 U.S.C. 1404(a)–a motion which "can technically be made at any time." Mohamed, 90 F.Supp.2d at 760. The Defendants' decision to file this motion for transfer under Title 28 U.S.C. § 1404(a) before retrieving those records is a tactical one made by the Defendants–not one mandated by this Court or any controlling law. Consequently, the Defendants cannot rely upon these unspecified witnesses to support transfer.

[2] It is unclear whether all of these witnesses are "fact" witnesses, "expert" witnesses, or a combination of both.

5

the Northern District of Texas, Dallas Division. During the relevant time periods, Mrs. Robinson lived in the Eastern District of Arkansas, Pine Bluff Division. Defendant HealthMark Partners, L.L.C. is a corporation organized under the laws of the State of Louisiana and the Arkansas Convalescent Center is doing business as HealthMark. Defendants M.N. Osborne Management, L.L.C., and M.N. Osborne Lands, Limited Partnership, are business entities organized under the laws of the State of Arkansas. The Arkansas Convalescent Center is itself situated in the Eastern District of Arkansas, Pine Bluff Division; consequently, the majority of its witnesses will have to travel to the Eastern District of Texas, Beaumont Division to testify. The corporate representative for HealthMark will come from Shreveport, Louisiana, which is roughly two hundred and fourteen (214) miles from Beaumont; and the corporate representative for the Osborne Defendants will come from Camden, Arkansas, which is roughly three hundred and sixty-four (364) miles from Beaumont. Indeed, although this Court is hesitant to permit the convenience of a plaintiff to be used against him when he has voluntarily chosen to file suit a considerable distance from his home, this Court notes Robinson will have to travel to Beaumont, which is roughly three hundred and twenty-four (324) from where he lives–Dallas, Texas.

Consequently, the convenience of the parties and material witnesses weighs in favor of transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Place of the Alleged Wrong*

Robinson's complaint contains alleges nursing home malpractice and violations of federal regulations regarding the administration and management of the Arkansas Convalescent Center–located in Pine Bluff, Arkansas. The alleged malpractice occurred during Mrs. Robinson's numerous transfers to the Arkansas Convalescent Center between May and

November of 1999, in between her hospitalizations at Jefferson Regional Medical Center–also located in Pine Bluff, Arkansas. Indeed, all of the actions Robinson complains about occurred in Pine Bluff, Arkansas. Consequently, the place of the alleged wrong–Pine Bluff, Arkansas–weighs in favor of transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Location of Counsel*

The location of counsel is given little weight as compared to other convenience factors. Robinson's lead counsel–Michael E. Schmidt–is located in Dallas, Texas which is approximately three hundred and twenty-four (324) miles from Beaumont. The distance from Dallas, Texas to Pine Bluff, Arkansas is approximately three hundred and twenty-nine (329) miles. Defendants' lead counsel–Victor Hlavinka–is located in Texarkana, Texas which is somewhat closer to Pine Bluff than to Beaumont. Consequently, the location of counsel neither weighs for or against transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process*

Defendants have specifically identified numerous witnesses and outlined the substance of their testimony who would sustain considerable cost for attending trial in Beaumont. Indeed, none of the non-party witnesses reside in the state of Texas. Consequently, the cost of obtaining the attendance of witnesses weighs in favor of transfer to the Eastern District of Arkansas, Pine Bluff Division.

More troubling is the existence of non-party witnesses who reside outside this Court's subpoena range. In <u>Mohamed v. Mazda</u> this Court examined the Advisory Committee notes to the Federal Rules of Civil Procedure and boldly held–along with only one other District of Columbia Court in <u>Yun Ja Chung v. Chrysler</u>–that its subpoena power stretched across the entire

state of Texas beyond the typical one hundred (100) mile limit typically argued by defendants. This Court is not–at this juncture–prepared to hold that its subpoena power stretches into the state of Arkansas. Consequently, there is a serious risk that–in this particular case–there will be non-party witnesses who will remain outside the subpoena power of this Court.[3] While this Court gives great deference to a plaintiff's choice of forum, it will not permit that deference to trump the ability of a defendant to present an adequate defense through the subpoena of non-party witnesses. Consequently, the availability of compulsory process weighs in favor of transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Accessability and Location of Sources of Proof*

Somehow the parties manage to dispute where the bulk of the records are in this particular case–something that would seem almost indisputable. Defendants argue "all of the documents regarding Mrs. Robinson's care and treatment for the relevant time period are located in Pine Bluff, Arkansas . . ." *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9], at p.10. Robinson argues "[m]ost of the key records in this case are either located in Shreveport, Louisiana, or can be obtained through discovery, disclosure, and/or [sic] written question depositions." *Plaintiffs' Supplemental Response to Defendant's Motion to Transfer Venue and Brief in Opposition* [23], at p.11. First, this Court notes that Robinson states the "legal, financial, and license and certification documents . . . are located in Shreveport"–not the

---

[3]Robinson argues the Defendants failed to "show that such persons are key witnesses in this case, or to show the substance of the testimony of those key witnesses." *Plaintiffs' Supplemental Response to Defendant's Motion to Transfer Venue and Brief in Opposition* [23], at p.10. Not so. *See supra.* at pp. 4-6; *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9], at pp.6-8. Additionally, in Mohamed, the specified witnesses resided in the state of Texas *inside* this Court's subpoena power–not in the state of Arkansas *outside* this Court's subpoena power.

8

documents relating to the care of Mrs. Robinson, which are mostly located in Pine Bluff, Arkansas. Indeed, these Pine Bluff, Arkansas documents will necessarily include documents from the Jefferson Regional Medical Center which is under no obligation to disclose any documents and which lies beyond the subpoena power of this Court. Nevertheless, this Court will reluctantly call this one a "draw" and hold that the accessability and location of sources of proof neither weighs in favor or against transfer to the Eastern District of Texas, Arkansas Division–even though it suspects there are no documents *specifically regarding Mrs. Robinson* located in Shreveport, Louisiana. Besides, as this Court has already held in Mohamed, this factor weighs only slightly in its transfer analysis.

*The Possibility of Delay and Prejudice if Transfer Is Granted*

Defendants properly submitted the management statistics for the Eastern District of Arkansas which show that district's median time to trial–fifteen (15) months–is only one month behind this district's median time to trial–fourteen (14) months. Consequently, the possibility of delay and prejudice if transfer is granted weighs neither in favor or against transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Administrative Difficulties Caused by Court Congestion*

Court congestion in both districts is so negligible as to warrant little or no consideration. This factor is weightless.

*The Unfairness of Burdening Citizens In An Unrelated Forum With Jury Duty*

As this Court said in Mohamed, it "should not burden Eastern District of Texas residents with jury duty to decide cases that have absolutely nothing to do with the Eastern District of Texas." Mohamed, 90 F.Supp. at 779. This particular case falls within that category.

9

Consequently, the unfairness of burdening citizens in an unrelated forum with jury duty weighs in favor of transfer to the Eastern District of Arkansas, Pine Bluff Division.

*The Avoidance of Unnecessary Problems in Conflict of Laws*

Since most–if not all–the actions giving rise to Robinson's lawsuit occurred in Arkansas, Arkansas law will apply. Indeed, *Arkansas* courts have an interest in resolving this *Arkansas* dispute *and* applying their own, *Arkansas* law to this *Arkansas* dispute. Although the Defendants make only a general contention of "many conflicts of law issues if this matter proceeds in a Texas court" (and Robinson remains silent), this Court agrees that–in this particular case–an Arkansas court is better situated to resolve this dispute considering its familiarity with its own law and its subpoena power over the non-party witnesses. Consequently, this factor weighs in favor of transfer to the Eastern District of Arkansas, Pine Bluff Division.

*This Is Not the Situation in <u>Mohamed v. Mazda</u>*

Robinson places great emphasis on the corporate hierarchy of the Defendants and how many of their managers are simply used to traveling around Louisiana, Texas, and Arkansas. Moreover, argues Robinson, the Defendants operate many of their facilities in Texas–there's even one in Port Arthur, Texas thirty (30) minutes from this federal courthouse. Maybe so. But what does that have to do with Mrs. Robinson's injuries sustained at Healthmark's facility in *Pine Bluff, Arkansas*? This is not the situation in <u>Mohamed</u> where a huge corporation manufactured thousands *of perfectly identical automobiles*, shipped those automobiles across the nation, and then got sued for *products liability* for the manufacture of those automobiles. Rather, this is a case for malpractice and federal regulations violations that occurred at a medical facility in Pine Bluff, Arkansas.

### 4. Conclusion

Frankly, given the Defendants' properly filed and supported motion for transfer, this Court feels it would be an abuse of its discretion to refuse to transfer this lawsuit to the Eastern District of Arkansas, Pine Bluff Division–even under the liberal standards permitted by the Fifth Circuit Court of Appeals previously explored in the Mohamed opinion. Mohamed, 90 F.Supp.2d at 768-71. Of particular concern is the location of non-party witnesses beyond this Court's subpoena power. This Court feels transfer to an Arkansas court cures this looming problem. Additionally, an Arkansas court will be better at applying Arkansas law in light of Robinson's allegations. But most important, this entire analysis rests upon one simple premise–this is a lawsuit brought for the death of an *Arkansas* resident for alleged activity that occurred in *Arkansas* with *Arkansas* non-party witnesses residing beyond this Court's subpoena power. While this Court has admittedly elevated the plaintiff's choice of forum beyond that delineated by some other courts, it has not–and will not–elevate the plaintiffs' choice of forum to the detriment of a defendant's ability to defend itself in court.

Accordingly, this Court GRANTS the *Defendants' Motion to Transfer Venue and Brief in Support Thereof* [9] and TRANSFERS the above-entitled cause of action to the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

It is SO ORDERED.

Signed this 19th day of July, 2000.

Thad Heartfield
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Court's Case File*